152590

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:07-CV-1727-ORL-18KRS

LAURA DRAINVILLE as beneficiary of PAUL DRAINVILLE,

Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant.
_______________________________/

FILED
2007 OCT 30 PM 3:20
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**COMPLAINT**

COMES NOW the Plaintiff, LAURA DRAINVILLE as beneficiary of PAUL DRAINVILLE ("insured"), by and through the undersigned attorney, and sues the Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("Metlife") and alleges as follows:

**GENERAL ALLEGATIONS**

1. The is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1001, et. seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e).

3. This Court has venue pursuant to 29 U.S.C. § 1132(e).

4. The insured was a participant in each of the plans, funds, programs or arrangements described herein.

5. The insured was an employee of Verizon Communications, Inc. ("VERIZON" or "Employer") and as such he was insured through its Basic Life Insurance and Supplemental Life Insurance program.

SCANNED

6. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing life insurance benefits.

7. The "Plan" is a welfare benefit plan established under ERISA to provide life insurance benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8. A copy of a certain portion of the Summary Plan Description for the Plan is attached hereto as Exhibit "A."

9. Metlife is the claims administrator and it makes the "full and fair" final review of claims and it therefore is a proper party to this action.

10. Metlife denied the life insurance claim brought by the beneficiary on behalf of the insured by finding that no basic or supplemental life insurance benefits are due under the terms of the Plan. Metlife's last denial letter is dated August 29, 2007.

11. With respect to the claims made herein, the Plaintiff has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

**COUNT I**
**{Action for Plan Benefits 29 U.S.C. § 1132(a)(1)(B)}**

The Plaintiff incorporates the allegations contained in paragraphs 1 through 11 above, and further states:

12. The Plan provided for the payment of basic and supplemental life insurance benefits as defined in the Plan. The benefits are described with particularity in the applicable plan documents for those plans.

13. The Plaintiff made a claim for Plan benefits. Said claim for benefits was denied.

14. The Plaintiff is entitled to Plan benefits.

15. Defendant has failed and refused to pay Plaintiff sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

16. Because of the failure to pay benefits pursuant to the terms of the Plan, Plaintiff has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee. Plaintiff is entitled to recover attorney's fees as authorized by 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays for relief from Defendant for the payment of basic and supplemental life insurance benefits, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Respectfully submitted this 30th day of October, 2007.

HANS KENNON, ESQUIRE
Florida Bar No. 0059323
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 423-7928
Attorneys for Plaintiff

HK/hs