UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LAURA DRAINVILLE, Plaintiff | ) | C.A. No. 08-0056/ML |
| v. | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, Defendant | ) | |

**ANSWER OF DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY**

In answer to the correspondingly numbered allegations of Plaintiff's Complaint, MetLife says:

1. Admitted, except denied that MetLife is liable.

2. Denied as this action has been transferred to the United States District Court for the District of Rhode Island.

3 Denied as this action has been transferred to the United States District Court for the District of Rhode Island.

4. MetLife admits that Paul M. Drainville, Sr. was an employee of Verizon. Communications, Inc. ("Verizon"), that he was a covered participant under a Verizon group life insurance plan, and that at the time of his death he was covered for $10,000 in basic life coverage and $164,000 in supplemental life coverage. Otherwise denied.

5. MetLife admits that Paul M. Drainville, Sr. was an employee of Verizon Communications, Inc. ("Verizon"), that he was a covered participant under a Verizon group life insurance plan, and that at the time of his death he was covered for $10,000 in basic life coverage and $164,000 in supplemental life coverage. Otherwise denied.

6. Admitted.

7. Admitted.

8. Denied.

9. Admitted.

10. Denied.

11. Denied.

**Count I**

[Unnumbered paragraph]. MetLife reasserts its responses to paragraphs 1 through 11 above, as if fully set forth herein.

12. MetLife admits that Paul M. Drainville, Sr. was an employee of Verizon Communications, Inc. ("Verizon"), that he was a covered participant under a Verizon group life insurance plan, and that at the time of his death he was covered for $10,000 in basic life coverage and $164,000 in supplemental life coverage. Otherwise denied.

13. Denied.

14. MetLife cannot either admit or deny this paragraph, as the question of whether the Plaintiff is entitled to the Plan benefits is presently pending in an interpleader action in the United States District Court for the District of Rhode Island.

15. Denied.

16. Without knowledge and therefore denied, except denied that Plaintiff is entitled to attorney's fees.

**Affirmative Defenses**

1. The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. ("ERISA") preempts and bars Plaintiff's claims.

2. Plaintiff's claim fails for lack of consideration.

3. Plaintiff fails to state a claim upon which relief may be granted.

4. Plaintiff is not entitled to a jury trial.

5. Plaintiff has failed to join one or more indispensable parties.

6. The Plan benefits claimed by plaintiffs are the subject of an interpleader action also pending in this Court, captioned, Metropolitan Life Insurance Company v. Paul M. Drainville, et al., C.A. No. 07-427ML, which involves the same death benefit that is the subject of this case, and plaintiffs should be enjoined from prosecuting this action against MetLife until after the resolution of the interpleader action. The filing of this answer shall not constitute a waiver of these assertions.

WHEREFORE, Defendant Metropolitan Life Insurance Company demands judgment dismissing Plaintiff's complaint and awarding MetLife its costs, fees and such further relief as the Court may deem appropriate.

/s/ Brooks Magratten
Brooks R. Magratten, #3585
Timothy M. Bliss, #6228
VETTER & WHITE
Attorneys for Defendant Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: March 6th, 2008

CERTFICATE OF SERVICE

To:

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 North Orange Avenue – 10th Floor
P.O. Box 4979
Orlando, FL 32802-4979

John D. Lynch, Jr., Esq.
Lynch & Friel
600 Toll Gate Road
Warwick, RI 02886

I hereby certify that I electronically filed the within Answer on March 6, 2008. The Answer is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks Magratten